UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHARLES DUNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00520-WTL-DLP |
| | ) | |
| BRIAN SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for Writ of Habeas Corpus
And Denying a Certificate of Appealability**

Petitioner Charles Dunson is serving a 2210-day sentence for his 2016 Marion County, Indiana conviction for carrying a handgun without a license. He brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, Mr. Dunson's petition for a writ of habeas corpus is **denied** and the action is **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

### I. Factual and Procedural Background

District court review of a habeas petition presumes all factual findings of the state court to be correct, absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir. 2007). On direct appeal, the Indiana Court of Appeals summarized the relevant facts:

> On November 20, 2014, officers from the Indianapolis Metropolitan Police Department were dispatched to the 2400 block of Kenwood Avenue after a number of 911 calls reported men with guns in the area. There was angry shouting audible in some of the calls, and one of the dispatches to police noted those sounds. The dispatchers also relayed reports from callers that there were thirty people gathering and that one caller reported someone was attempting to kick in his door.
>
> Officer Matthew Addington and Deputy William Bennett responded to the dispatches and participated in a traffic stop involving someone thought to be

involved in the incident. Meanwhile, Officers Tiffany Wren and Cathy Faulk also responded to the disturbance and spoke with Tamika Coleman, who was the victim of the altercation. Coleman was bleeding around her lips and nose, her nose appeared to be broken, and sections of her hair were torn out. Coleman's shirt was also torn, and there were footprints on her shirt. Coleman was "very upset, she was crying, she was agitated . . . ." Tr. p. 152. While Officers Wren and Faulk talked to Coleman, a man drove past on a scooter or motorcycle, and Coleman indicated to the other nearby officers that he was "involved." Id.

Officer Faulk issued a police radio broadcast indicating she had a "conscious and alert" female who was "bleeding from the face" and then stated "there's a "black male on a silver scooter, he's coming toward you; he may be involved" and described it as a "big scooter, looks like a motorcycle." Ex. 3, track 14. Officer Addington responded, "I see it. It's coming down Kenwood towards Twenty-Second," and then stated, "I have him detained." *Id*.

After Dunson stopped his motorcycle, Officer Addington approached him and "noticed a bulge[] in [Dunson's] groin area . . . there was a flat top to it with a shirt over top that. Ah, there's a larger bulge beneath that about the waist line a belt line of the pants of the driver." Tr. p. 67. Officer Addington believed the bulge was a weapon, and he patted Dunson down. Officer Addington discovered a 9mmRuger in Dunson's waist band and seized it.

The State charged Dunson with Class A misdemeanor carrying a handgun without a license and enhanced the charge to a Level 5 felony because Dunson had a prior conviction for the same offense. Dunson filed two motions to suppress, both of which the trial court denied following evidentiary hearings.

Dunson was tried in a bifurcated bench trial. During the trial, Dunson challenged the admissibility of the handgun. The trial court overruled Dunson's objection, admitted the handgun into evidence, and found Dunson guilty of carrying a handgun without a license. Dunson stipulated to the Level 5 felony enhancement. The trial court sentenced Dunson to 2210 days in the Department of Correction.

Dkt. No. 7-5 at 2-3; *Dunson v. State*, 64 N.E.3d 250, 251 (Ind. Ct. App. 2016) (footnotes omitted).

Mr. Dunson appealed, arguing that the handgun was discovered as part of an illegal search in violation of his Fourth Amendment rights. On November 16, 2016, the Indiana Court of Appeals affirmed the conviction. *Dunson*, 64 N.E.3d at 256. Mr. Dunson did not file a petition for transfer seeking discretionary review from the Indiana Supreme Court. Mr. Dunson also has not sought post-conviction relief.

On November 15, 2017, Mr. Dunson filed this petition for a writ of habeas corpus.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Mr. Dunson's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The Supreme Court has described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and has emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, 571 U.S. 12, 19-20 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt.") (internal quotation marks, citations, and footnote omitted).

Under AEDPA, the Court reviews the last state court decision to address the merits of a prisoner's claim. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). Where a claim has been adjudicated on the merits in state court, habeas relief is available under the deferential AEDPA standard only if the state court's determination was (1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Thus, "under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the

claims." *Rever v. Acevedo*, 590 F.3d 533, 536 (7th Cir. 2010). "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted). "Under § 2254(d)(2), a decision involves an unreasonable determination of the facts if it rests upon fact-finding that ignores the clear and convincing weight of the evidence." *Goudy v. Basinger*, 604 F.3d 394, 399–400 (7th Cir. 2010) (citing *Ward v. Sternes*, 334 F.3d 696 (7th Cir. 2003)). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes*, 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002)).

### III. Discussion

Mr. Dunson raises just one ground in his petition: whether the trial court improperly admitted into evidence a handgun seized during an investigatory stop. *See* Dkt. No. 2. The respondent argues that Mr. Dunson's Fourth Amendment claim is not available for federal habeas review because he received a fair and full hearing and federal habeas review is precluded by *Stone v. Powell*, 428 U.S. 465, 494 (1976). *See* Dkt. No. 7 at 3-4. The respondent additionally argues that review of Mr. Dunson's claim is unavailable because he has procedurally defaulted the claim. *Id.* at 5-6. In reply, Mr. Dunson asserts that his appellate counsel did not communicate with him during the appeal process so he was not aware that his appeal had been denied until October 2017, and was never informed by his attorney that he could have filed transfer to a higher state court. *See* Dkt. No. 8 at 1-2.

#### A. Procedural Default

"Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his

federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26. In Indiana, that means presenting his arguments in a petition to transfer to the Indiana Supreme Court. *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001). A federal claim is not fairly presented unless the petitioner "put[s] forward operative facts and controlling legal principles." *Simpson v. Battaglia*, 458 F.3d 585, 594 (7th Cir. 2006) (citation and quotation marks omitted). Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992).

"A procedural default can be overlooked when the petitioner demonstrates cause for the default and consequent prejudice, or when he shows that a fundamental miscarriage of justice will occur unless the federal court hears his claim." *Wilson v. Briley*, 243 F.3d 325, 329 (7th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)); *Johnson v. Loftus*, 518 F.3d 453, 455 (7th Cir. 2008).

It is undisputed that Mr. Dunson failed to present his claim in a petition to transfer to the Indiana Supreme Court, and thus his claim is procedurally defaulted. However, Mr. Dunson argues that he was never informed about the status of his appeal and was not informed he needed to petition to the Supreme Court. Dkt. No. 8.

"Ignorance of the law does not constitute good cause," so it is irrelevant whether Mr. Dunson was informed he had to petition to the Supreme Court. *See Josselyn v. Dennehy*, 475 F.3d 1, 5 (1st Cir. 2007); *see also Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) (discussing that ignorance of proper legal procedures is not good cause to excuse procedural default).

However, his attorney's failure to apprise him of the status of the case could provide cause for default. Mr. Dunson must still demonstrate prejudice from the default.

In the interest of judicial economy, the Court here will bypass the issue of procedural default and discuss Mr. Dunson's claim on the merit below. *See Brown v. Watters*, 599 F.3d 602, 610 (7th Cir. 2010) (holding that because the procedurally defaulted claims lacked merit, the Court could bypass a "difficult" actual innocence claim and address the defaulted claims on the merits); *see also Miller v. Mullin*, 354 F.3d 1288, 1297 (10th Cir. 2004) (declining to address whether certain claims were procedurally defaulted because, "[i]n the interest of judicial economy, … the case may be more easily and succinctly affirmed on the merits").

### B. Fourth Amendment Claim

As set forth above, habeas relief is available only if the state court's determination was (1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Cullen*, 563 U.S. at 181.

As an initial matter, Mr. Dunson fails to identify any established federal law that is contrary to the decision of the Indiana Court of Appeals or to identify where the Indiana Court of Appeals unreasonably applied clearly established federal law. Instead, Mr. Dunson merely asserts that his Fourth Amendment rights have been violated.

It is well-settled that "'where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.'" *Monroe v. Davis*, 712 F.3d 1106, 1116 (7th Cir. 2016) (quoting *Stone v. Powell*, 428

U.S. 465, 494 (1976)). A full and fair hearing for purposes of *Stone* is "not to second-guess the state court on the merits of the petitioner's claim, but rather to assure ourselves that the state court heard the claim, looked to the right body of case law, and rendered an intellectually honest decision." *Id.*

Here, Mr. Dunson received multiple full and fair hearings on his Fourth Amendment claim. Prior to trial, Mr. Dunson filed motions to suppress with the trial court. The trial court denied his motions to suppress after holding hearings on the motions. Mr. Dunson also raised his Fourth Amendment claim on direct appeal to the Indiana Court of Appeals. The Indiana Court of Appeals reviewed Mr. Dunson's claim, looked to Indiana law that cited to clearly established Supreme Court precedent on Fourth Amendment claims, and rendered a thorough 12-page well-reasoned and intellectually honest decision.

*Stone* therefore precludes habeas relief to Mr. Dunson on his Fourth Amendment claim.

### IV. Conclusion

This Court has carefully reviewed the state record in light of Mr. Dunson's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. Having applied the appropriate standard of review, and having considered the pleadings and the record, Mr. Dunson's petition for writ of habeas corpus must be **denied.**

Judgment consistent with this Entry shall now issue.

### V. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this court] was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 7/25/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

CHARLES DUNSON
978318
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Andrew A. Kobe
INDIANA ATTORNEY GENERAL
andrew.kobe@atg.in.gov